**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VLADISLAV FOMIN-NAZAROV,** | **DOCUMENT ELECTRONICALLY FILED** |
| **Plaintiff,** | **CIVIL ACTION NO. 3:25-cv-10413** |
| **v.** | |
| **MERRILL LYNCH,** | |
| **Defendant.** | **NOTICE OF REMOVAL** |

To:    The United States District Court for the District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street, Room 2020
       Trenton, NJ 08608

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc., d/b/a Merrill Lynch ("Merrill Lynch" or "Defendant"), by and through its counsel, Reed Smith LLP, hereby removes this action from the Superior Court of New Jersey, Monmouth County, Law Division, in which it is pending, to the United States District Court for the District of New Jersey, Trenton Vicinage. In support of this Notice of Removal, Defendant states as follows:

1.     Plaintiff Vladislav Fomin-Nazarov ("Plaintiff") commenced this action on May 5, 2025, by filing a Complaint against Defendant in the Superior Court of New Jersey, Monmouth County, Law Division, captioned *Vladislav Fomin-Nazarov v. Merrill Lynch*, Docket No. MON-L-1708-25 (the "State Action").

2.     Merrill Lynch was purportedly served with the Complaint and Summons on May 15, 2025. However, Defendant's registered agent in New Jersey was not served.

3.     Nevertheless, this Notice of Removal is timely, as it is being filed within thirty (30) days of the date on which Plaintiff attempted service.

1

4.      A true and accurate copy of the state court docket, as well as all pleadings, processes, and orders, are attached hereto as **Exhibit A**. Prior to Merrill Lynch submitting this Notice of Removal, Plaintiff filed two motions – an Order to Show Cause and a Motion to Enforce Litigant's Rights – apparently seeking to expedite discovery. Both were denied. No other proceedings have occurred before the Superior Court.

5.      The Superior Court of New Jersey, Monmouth County, Law Division, is located within the District of New Jersey, Trenton Vicinage. Therefore, venue in this Court is proper because the State Action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.      This removal is made without waiver of any defenses or affirmative defenses, including but not limited to lack of personal jurisdiction.

### THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS

7.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case is, therefore, removable under 28 U.S.C. § 1441(a).

A.      **There is Complete Diversity Between the Parties**

8.      Plaintiff is domiciled in the State of New Jersey and is therefore a citizen of the State of New Jersey. See Exhibit A, Compl., Form A, ¶ 1.

9.      Merrill Lynch is a corporation organized and existing under the laws of Delaware with its principal place of business in New York. Therefore, Merrill Lynch is a citizen of Delaware and New York for purposes of diversity jurisdiction.[1]

---

[1] The parties listed on the filed Complaint and Summons do not match. To the extent that Plaintiff intended to include all parties listed on the Summons in this action, complete diversity still exists.

10.     Accordingly, since no Plaintiff is a citizen of the same state as any Defendant, complete diversity of citizenship exists in this matter. *See* 28 U.S.C. § 1332; *Rose v. Husenaj*, 708 Fed. App'x 57, 59 (3d Cir. 2017); *Grand Union Supermarkets of V.I., Inc. v. H.E. Lockhart Mgmt., Inc*., 316 F.3d 408, 410 (3d Cir. 2003).

**B.      The Amount in Controversy Exceeds $75,000**

11.     Plaintiff's Complaint relates to his prior employment with Merrill Lynch. Specifically, Plaintiff asserts that Merrill Lynch "fired me for filing a FINRA complaint, gaslit me, and lied on my U-5."  See Compl., Form A, ¶ 1.

12.     Plaintiff seeks damages for "extreme stress, loss of wages, loss of future opportunities, and physical illness due to stress." See Compl., Form A, ¶ 3.

13.     Plaintiff claims he was terminated on October 2, 2024, which would translate to more than nine months in backpay damages, and claims that Defendant's alleged conduct "cost[ed] [him] multiple jobs where [he] could easily make over 500k to 1500k a year." *Id.* at p. 11, ¶¶ 9-10.

14.     Accordingly, for purposes of removal based on diversity jurisdiction, the amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs. *See, e.g., Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Werwinski v. Ford Motor Co*., 286 F.3d 661, 666 (3d Cir. 2002) (The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.")(citation and quotations omitted); *Chinchilla v. Geo Dis Am., Inc.,* Civil Action No. 23-1995 (MAS) (TJB), 2024 U.S. Dist. LEXIS 38658 at *12-*13 (D.N.J. Mar. 5, 2024) (holding that claims for backpay, emotional distress, and punitive damages were sufficient to

establish amount in controversy for diversity jurisdiction); *Uddin v. Sears, Roebuck & Co.*, Civ. No. 13-6504 (JLL), 2014 U.S. Dist. LEXIS 10962, at *13-*16 (D.N.J. Jan. 02, 2014) (finding unlawful termination claim seeking, in part, compensatory and emotional distress damages sufficient to satisfy the amount in controversy requirement for removal).

## C.    The Removal is Timely

15.    Plaintiff attempted service of his Complaint on Defendant on May 15, 2025. However, Plaintiff never served Defendant's registered agent in New Jersey. *See McKnight v. Home Depot U.S.A.*, Inc., Civil Action No. 23-23127 (ES) (JSA), 2024 U.S. Dist. LEXIS 92711, at *8 (D.N.J. Apr. 10, 2024) (holding Plaintiff did not serve a complaint where it was not served upon Defendant's registered agent and Plaintiff had "not submitted any evidence establishing that [the recipient of the Complaint] was an 'officer, director . . . managing or general agent' of [Defendant]").

16.    Accordingly, Defendant was never properly served, and the Court never obtained personal jurisdiction over Defendant. *See* R. 4:4-4(a)(6).

17.    As service was not properly effectuated and the Court did not have personal jurisdiction over Defendant, the time to remove did not begin to run. *Granovsky v. Pfizer, Inc.*, 631 F. Supp 2d. 554, 559 (D.N.J. 2009) ("Proper service of process, or a valid waiver, is required for the thirty-day clock to begin to run on removal rights.").

18.    Nonetheless, once Merrill Lynch was on notice of this lawsuit on May 15, 2025, Defendant removed within thirty (30) days.

### DEFENDANT'S COMPLIANCE WITH THE NOTICE REQUIREMENTS OF 28 U.S.C. § 1446(D)

19.    Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

4

20.    A true and correct copy of this Notice of Removal will also be promptly filed with the Clerk of Superior Court of New Jersey, Monmouth County, Law Division, in accordance with 28 U.S.C. § 1446(d), as an attachment to Defendant's Notice of Filing Notice of Removal. A true copy of this written notice, without attachments, is attached hereto as **Exhibit B**.

**WHEREFORE**, Defendant hereby gives notice that this action is removed from the Superior Court of New Jersey, Monmouth County, Law Division, to the United States District Court for the District of New Jersey, Trenton Vicinage.

**REED SMITH LLP**
Attorneys for Defendant

By: */s/ Melissa M. Ferrara*
    Melissa M. Ferrara
    506 Carnegie Center, Suite 300
Dated: June 12, 2025        Princeton, New Jersey 08540

5